**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Apple Tree Life Sciences, Inc., *et al.*,[1] | Case No. 25-12177 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. ___** |

**ORDER (I) ENFORCING THE AUTOMATIC STAY AND**
**(II) IMPOSING SANCTIONS AGAINST RIGMORA**

Upon the *Debtors' Motion for an Order (I) Enforcing the Automatic Stay and (II) Imposing Sanctions Against Rigmora* (the "Motion")[2] filed by the debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), and upon consideration of the Winston Declaration; and the Court having found that (i) this Court has jurisdiction over the Debtors and their estates, and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (iv) venue of this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other notice of the Motion is required under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court; and having determined that the legal and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Apple Tree Life Sciences, Inc. (4506); ATP Life Science Ventures, L.P. (8224); ATP III GP, Ltd. (6091); Apertor Pharmaceuticals, Inc. (3161); Initial Therapeutics, Inc. (2453); Marlinspike Therapeutics, Inc. (4757); and Red Queen Therapeutics, Inc. (8563). The location of the Debtors' service address in these chapter 11 cases is 230 Park Avenue, Suite 2800, New York, NY 10169.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

factual bases set forth in the Motion and the referenced declarations establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Court finds that Rigmora has willfully violated sections 362(a)(1) of the Bankruptcy Code.

3. Rigmora is enjoined from further participating in the Existing Winding-Up Proceeding absent prior order from this Court.

4. Rigmora shall pay to the Debtors their incurred attorneys' fees, costs, and expenses related to preparing and prosecuting the Motion and their attorneys' fees, costs, and expenses related to the PTR. Within fourteen (14) days of the entry of this Order, the Debtors shall submit a Certification of Costs delineating the attorneys' fees, costs, and expenses related to preparing and prosecuting the Motion and the PTR without prejudice to their rights to file additional Certification(s) of Costs for any further violations of the section 362(a) of the Bankruptcy Code.

5. The Debtors are hereby authorized to take all actions they deem necessary to effectuate the relief granted in this Order.

6. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.