**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Apple Tree Life Sciences, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-12177 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date**: ***Only if objections are filed***<br>**Obj. Deadline: November 24, 2026 at 4:00 p.m. (ET)** |

**SUMMARY OF NINTH MONTHLY FEE APPLICATION OF DUNDON ADVISERS LLC, FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND OCTOBER 1, 2026 THROUGH OCTOBER 31, 2026**

| | |
|---|---|
| Name of Applicant: | Dundon Advisers LLC |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of Apple Tree Life Sciences, Inc. *et al.* |
| Date of retention: | February 25, 2026, effective as of January 23, 2026 |
| Period for which compensation and reimbursement is sought: | October 1, 2026 through October 31, 2026 |
| Amount of compensation sought as actual, reasonable and necessary: | $214,624.80 (80% of $268,281.00) |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $0.00 |
| This is a: | __X__ monthly ___ interim ___ final application |

Prior Monthly Applications:

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Apple Tree Life Sciences, Inc. (4506); ATP Life Science Ventures, L.P. (8224); ATP III GP, Ltd. (6091); Apertor Pharmaceuticals, Inc. (3161); Initial Therapeutics, Inc. (2453); Marlinspike Therapeutics, Inc. (4757); Red Queen Therapeutics, Inc. (8563); Evercrisp Biosciences, Inc. (4437); Nine Square Therapeutics, Inc. (4503); and Nereid Therapeutics Incorporated (8493). The location of the Debtors' service address in these chapter 11 cases is 230 Park Avenue, Suite 2800, New York, NY 10169.

| Monthly Fee Application Filing Date & Docket No. | Period Covered | Total Fees Requested | Total Expenses Requested | CNO Filing Date & Docket No. | Amount of Fees Authorized to be Paid | Amount of Expenses Authorized to be Paid |
|---|---|---|---|---|---|---|
| 3/11/2026 [D.I. 462] | January 23, 2026 – February 28, 2026 | $183,255.00 | $0.00 | 3/26/2026 [D.I. 482] | $183,255.00[2] | $0.00 |
| 4/13/2026 [D.I. 534] | March 1, 2026 – March 31, 2026 | $29,196.00 | $0.00 | 4/28/2026 [D.I. 606] | $29,196.00[2] | $0.00 |
| 5/13/2026 [D.I. 661] | April 1, 2026 – April 30, 2026 | $54,596.00 | $0.00 | 5/29/2026 [D.I. 723] | $43,676.80[3] | $0.00 |
| 6/11/2026 [D.I. 783] | May 1, 2026 – May 31, 2026 | 137,694.00 | $0.00 | 6/26/2026 [D.I. 842] | $110,155.20[3] | $0.00 |
| 7/14/2026 [D.I. 929] | June 1, 2026 – June 30, 2026 | $120,758.00 | $0.00 | 8/5/2026 [D.I. 1026] | $96,606.40[3] | $0.00 |
| 8/11/2026 [D.I. 1038] | July 1, 2026 – July 31, 2026 | $231,523.00 | $0.00 | 8/26/2026 [D.I. 1086] | $185,218.40 | $0.00 |
| 9/10/2026 [D.I. 1127] | August 1, 2026 – August 31, 2026 | $114,596.00 | $0.00 | 9/25/2026 [D.I. 1169] | $91,676.80 | $0.00 |
| 10/12/206 [D.I. 1207] | September 1, 2026 – September 30, 2026 | $102,558.00 | $0.00 | 10/27/2026 [D.I. 1267] | $82,046.40 | $0.00 |
| **Total** | | **$974,176.00** | **$0.00** | | **$821,831.00**[23] | **$0.00** |

---

[2] As set forth in the Debtors' Omnibus Order Awarding Interim Fee Applications [Docket No. 1083], Dundon Advisers LLC agreed to a voluntary reduction of $4,930.00. The amount shown in the chart is prior to any agreed upon reduction.

[3] As set forth in the Debtors' proposed Omnibus Order Awarding Interim Fee Applications [Docket No. 1264], Dundon Advisers LLC agreed to a voluntary reduction of $5,443.20. The amount shown in the chart is prior to any agreed upon reduction.

**APPLE TREE LIFE SCIENCES, INC., *ET AL.***

**SUMMARY OF BILLING BY PROFESSIONAL**
**<u>OCTOBER 1, 2026 THROUGH OCTOBER 31, 2026</u>**

| Professional | Title | Hourly Rate | Billable Time | Billable Amount |
|---|---|---|---|---|
| Joshua Nahas | Managing Director | $1,120.00 | 113.00 | $126,560.00 |
| Gary Lipson | Senior Advisor | $1,120.00 | 7.50 | $8,400.00 |
| Michael Whalen | Director | $865.00 | 1.40 | $1,211.00 |
| Christopher Podesfinski | Associate Director | $750.00 | 133.90 | $100,425.00 |
| Chris Kazantzis | Senior Associate | $550.00 | 25.70 | $14,135.00 |
| Brodie Galfus | Associate | $390.00 | 45.00 | $17,550.00 |
| **Total** | | | **326.50** | **$268,281.00** |

*Blended Rate: $821.69*

**APPLE TREE LIFE SCIENCES INC., *ET AL.***

**SUMMARY OF COMPENSATION BY PROJECT CATEGORY**
**OCTOBER 1, 2026 THROUGH OCTOBER 31, 2026**

| Project Category | Billable Time | Billable Amount |
|---|---|---|
| Sales Process | 120.60 | $104,101.00 |
| Business Analysis | 124.00 | $100,679.00 |
| Claims Analysis | 34.60 | $28,921.00 |
| Committee Member/Professional Meetings & Communications | 18.70 | $15,549.00 |
| Case Administration | 12.10 | $5,731.00 |
| Retention and Fee Applications | 5.30 | $4,123.00 |
| DIP, Exit and Other Financing | 3.50 | $2,625.00 |
| Hearing, Mediation and Arbitration Preparation | 2.80 | $2,322.00 |
| Other Professionals' Retention and Fee Applications | 2.70 | $2,136.00 |
| Investigations | 2.20 | $2,094.00 |
| **Total** | **326.50** | **$268,281.00** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Apple Tree Life Sciences, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-12177 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date**: ***Only if objections are filed***<br>**Obj. Deadline: November 10, 2026 at 4:00 p.m. (ET)** |

**NINTH MONTHLY FEE APPLICATION OF DUNDON ADVISERS LLC, FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM OCTOBER 1, 2026 THROUGH OCTOBER 31, 2026**

Dundon Advisers LLC (the "Applicant" or "Dundon"), financial advisor to the Official Committee of Unsecured Creditors (the "Committee") of Apple Tree Life Sciences, Inc. and the above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases"), hereby applies (the "Application"), pursuant to (i) sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and (iv) the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief*

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Apple Tree Life Sciences, Inc. (4506); ATP Life Science Ventures, L.P. (8224); ATP III GP, Ltd. (6091); Apertor Pharmaceuticals, Inc. (3161); Initial Therapeutics, Inc. (2453); Marlinspike Therapeutics, Inc. (4757); Red Queen Therapeutics, Inc. (8563); Evercrisp Biosciences, Inc. (4437); Nine Square Therapeutics, Inc. (4503); and Nereid Therapeutics Incorporated (8493). The location of the Debtors' service address in these chapter 11 cases is 230 Park Avenue, Suite 2800, New York, NY 10169.

[Docket No. 181] (the "Interim Compensation Order"),[2] for allowance of compensation for services rendered and reimbursement of expenses for the period from October 1, 2026 through October 31, 2026 (the "Application Period"), and respectfully represents as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Local Rule 9013-1(f), the Committee consents to entry of a final judgment or order with respect to this Application if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

3. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code. Such relief also is warranted under Bankruptcy Rule 2016, Local Rule 2016-1 and the Interim Compensation Order.

## Background

### A. The Chapter 11 Cases

4. Commencing on December 9, 2025 (the "Initial Petition Date") and on certain dates thereafter (collectively with the Initial Petition Date, the "Petition Dates"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

5. On January 20, 2026, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") filed a notice appointing a three-member Committee consisting of: (i) Fujifilm Cellular Dynamics Inc.; (ii) Global Project Partners, LLC; and (iii) Baylor College of Medicine. *See* Docket No. 194. Baylor College of Medicine serves as the chairperson of the Committee.

**B. The Retention of Dundon**

6. On February 4, 2026, the Committee applied to the Court for an order authorizing the retention and employment of Dundon as financial advisor to the Committee, effective as of January 23, 2026. *See* Docket No. 267.

7. On February 25, 2026, the Court entered the *Order Pursuant to 11 U.S.C. §§ 328(a) and 1103 Authorizing and Approving the Retention and Employment of Dundon Advisers LLC as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of January 23, 2026* [Docket No. 411], authorizing the retention and employment of Dundon as financial advisor to the Committee.

**C. The Interim Compensation Order**

8. The Interim Compensation Order sets forth the procedures for interim compensation and reimbursement of expenses in these Chapter 11 Cases. Specifically, the Interim Compensation Order provides that on or after the tenth day of each month following the month for which compensation is sought, each Professional seeking compensation may file an application (each, a "Monthly Fee Statement") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month and serve such Monthly Fee Statement on the Notice Parties. *See* Interim Compensation Order ¶ 2(a). Provided that there are no objections to the Monthly Fee Statement filed within fourteen (14) days after service of a Monthly Fee Statement, a Professional may file a certificate of no

objection with the Court with respect to the unopposed portion of the compensation and expenses requested in its Monthly Fee Statement, after which the Debtors are authorized to pay such Professional eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in such Monthly Fee Statement. *Id.* ¶ 2(b).

**Relief Requested**

9. Pursuant to the Interim Compensation Order and section 331 of the Bankruptcy Code, Dundon is seeking compensation in the amount of $214,624.80, which is equal to eighty percent (80%) of the $268,281.00 in fees for professional services rendered by Dundon during the Application Period. This amount is derived solely from the applicable hourly billing rates of Dundon professionals who rendered such services to the Committee.

**D. Compensation Requested**

10. Attached hereto as **Exhibit A** is a detailed itemization, by project category, of all services performed by Dundon with respect to the Chapter 11 Cases during the Application Period. This detailed itemization complies with Local Rule 2016-1(d) in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories and all meetings or hearings are individually identified. *See* DEL. BANKR. L.R. 2016-1(d).

11. The professionals who rendered services related to each category are identified in **Exhibit A**, along with the number of hours for each individual and the total compensation sought for each category.

**Valuation of Services**

12. Dundon professionals have expended a total of 326.50 hours in connection with this matter during the Application Period.

13. The amount of time spent by each of the professionals providing services to the Committee for the Application Period is set forth in **Exhibit A**. The rates are Dundon's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by Dundon for the Application Period as financial advisor to the Committee in these Chapter 11 Cases is $268,281.00.

14. Dundon believes that the time entries included in **Exhibit A** comply with the requirements of Local Rule 2016-1.

15. Dundon's itemized time records for professionals performing services for the Committee during the Application Period are attached hereto as **Exhibit B**. Every effort has been made by Dundon to categorize daily time entries in accordance with the correct project category. However, in some instances, services overlap between project categories. Thus, some services may appear under more than one category, although in no instance is a specific time entry recorded more than once.

16. Although every effort has been made to include all fees and expenses incurred in the Application Period, some fees and expenses might not be included in this Monthly Fee Statement due to delays caused by accounting and processing during the Application Period. Dundon reserves the right to make further applications to the Court for allowance of such fees and expenses not included herein. Subsequent Monthly Fee Statements will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Interim Compensation Order.

17. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (a) the complexity of these Chapter 11 Cases,

(b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

**No Prior Request**

18. No prior request for the relief sought in the Application has been made to this or any other court.

**Certificate of Compliance and Waiver**

19. The undersigned representative of Dundon certifies that he has reviewed the requirements of Local Rule 2016-1, and that the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-1, Dundon believes that such deviations are not material and respectfully requests that any such requirements be waived.

**Notice**

20. Dundon will provide notice of this Application by electronic mail to: (i) counsel to the Debtors; (ii) the U.S. Trustee; and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, Dundon submits that no other or further notice of the Application is required.

**Conclusion**

**WHEREFORE**, Dundon respectfully requests (a) allowance of compensation for professional services rendered to the Committee during the Application Period in the amount of $214,624.80 (80% of $268,281.00) and reimbursement for actual and necessary expenses incurred during the Application Period in the amount of $0.00; (b) payment by the Debtors of the foregoing amounts; and (c) such other and further relief as the Court deems just and proper.

Dated: November 10, 2026
New York, New York

**DUNDON ADVISERS LLC**

*/s/ Joshua Nahas*
Joshua Nahas
565 Fifth Avenue, 16th Floor
New York, New York 10017
Telephone: (212) 859-2000
Email: jn@dundon.com

*Financial Advisor to the Official Committee of Unsecured Creditors of Apple Tree Life Sciences, Inc. et al.*